22

# ORIGINAL

FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OCT 10 2007

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

**UNITED STATES OF AMERICA,**

Plaintiff,

-vs-

**D-1, LEO RUDOLPH**

Defendant.

/

**Hon. David M. Lawson**

Case No. 07- 20323

OFFENSE(S):
Count 1 - 18 U.S.C. §2251(a) - Production of Child Pornography

Count 2 - 18 U.S.C. §2252A(a)(1) - Transportation of Child Pornography

Count 3 - 18 U.S.C. §2252A(a)(2) Receipt of Child Pornography

Count 4 - 18 U.S.C. §2252A(a)(5)(B) Possession of Child Pornography

MAXIMUM PENALTY:
Count 1 - Man. Min 15 yrs, Max 30 yrs.
Count 2 - Man. Min 5 yrs, Max 20 yrs.
Count 3 - Man. Min 5 yrs, Max 20 yrs.
Count 4 - Max 10 yrs.

MAXIMUM FINE: $250,000, each count

SUPERVISED RELEASE TERM: 3 years to life (Counts 1 -3)
2 to 3 years (Count 4)

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

LEO RUDOLPH and the government agree as follows:

LEO RUDOLPH and the government agree as follows:

## 1. GUILTY PLEA

### A. Count(s) of Conviction

Defendant will enter a plea of guilty to **Counts 1- 4** of the Indictment, which charge Sexual Exploitation of Children, Distribution, Receipt and Possession of Child Pornography. Defendant acknowledges that the Court may consider any other relevant conduct, in determining the appropriate sentence.

### B. Elements of Offense(s)

The elements of Count 1 are:

> 1. The defendant used, persuaded, induced or enticed a minor to engage in sexually explicit conduct; and,
>
> 2. The sexually explicit conduct was for the purpose of producing a visual depiction of such conduct; and,
>
> 3. The images were or intended to be transported in interstate commerce.

The elements of Count 2 are:

> 1. The defendant knowingly transported and shipped material containing digital images; and,
>
> 2. That the material shipped and distributed by the defendant contained images of child pornography, that is visual depictions of sexually explicit conduct , the production of which involved a minor engaging in a lascivious display of the genitals and/or acts of oral or genital intercourse as defined in

- 2 -

Title 18 U.S.C. 2256(2);(8)(A).

3. The defendant transported the images in interstate commerce.

The elements of Count 3 are:

1. The defendant knowingly received material containing digital images; and,

2. That the material received by the defendant contained images of child pornography, that is visual depictions of sexually explicit conduct , the production of which involved a minor engaging in a lascivious display of the genitals and/or acts of oral or genital intercourse as defined in Title 18 U.S.C. 2256(2);(8)(A).

3. The defendant transported received the images in interstate commerce, that is by computer via the internet.

The elements of Count 4 are:

1. The defendant knowingly possessed images and videos that contained images of child pornography, that is visual depictions of sexually explicit conduct , the production of which involved a minor engaging in a lascivious display of the genitals and/or acts of oral or genital intercourse as defined in Title 18 U.S.C. 2256(2);(8)(A).

2. The images possessed by the defendant had previously been transported in interstate

- 3 -

## C.    Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for defendant's guilty plea(s):

From on or about January 2007 until  May 2007, in Ray Township, Macomb County, Michigan, and elsewhere, defendant LEO RUDOLPH, used, enticed and otherwise coerced the 9 year-old daughter of his then girlfriend to engage in sexual acts with him which were photographically recorded by Rudolph in his vehicle, and their home  on various dates.  The video equipment, and computer on which the videos were found were manufactured outside of the state of Michigan and therefore had previously affected interstate commerce.    Still images also taken by Rudolph that depicted the victim engaged in sexually explicit conduct during his sexual assaults were distributed in interstate commerce by Rudolph via the internet. At the time of his arrest, Rudolph was found in possession of well in excess of 600 images of child pornography, which depicted real children engaged in explicit sexual conduct.  The images and/or videos of child pornography RUDOLPH possessed included depictions of real children less than 12 years of age as well as materials portraying depictions of violence, bondage and bestiality. RUDOLPH  downloaded many of these images and/or videos from the internet, which required them to be transported in interstate or foreign commerce.

- 4 -

2.  **SENTENCING GUIDELINES**

   A.  **Standard of Proof**

   The Court will find sentencing factors by a preponderance of the evidence.

   B.  **Agreed Guideline Range**

   There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is **life imprisonment**, as set forth on the attached worksheets.  If the Court finds:

   a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

   b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **life**, life imprisonment is the maximum guideline range, accordingly the range will not change.  Even were the Court to find that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, there would be no increase possible to the agreed upon range.

- 5 -

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

3.    SENTENCE

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

A.    Imprisonment

Pursuant to Rule 11(c)(1)(C), the parties agree that a sentence of imprisonment of 360 months, to be followed by a term of supervised release of at least 3 years, up to lifetime supervised release, is reasonable and an appropriate disposition of the case.   If the court rejects this agreement because it is unwilling to impose a sentence of imprisonment of 360 months, the parties agree that this plea agreement will be withdrawn and nullified, the case reinstated to the court's trial docket, the Defendant will face the possibility of additional counts based on the specific creation dates of the child exploitation images and potentially be subject to consecutive sentencing on those charges.

B.    Supervised Release

A term of supervised release follows the term of imprisonment. The Court must impose a term of supervised release on Count 1 of no less than 3 years (and

- 6 -

up to life, pursuant to U.S.S.G Section 5D1.2(b)(2)). The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### C.    Special Assessment

Defendant will pay a special assessment of **$400** and must provide the government with a receipt for the payment before sentence is imposed.

### D.    Fine

There is no agreement as to fines.  However, the Court may impose a fine up to $250,000 per count.

### E.    Restitution

The Court shall order restitution to every identifiable victim of defendant's offense(s).  There is no agreement on restitution.  The Court will determine who the victims are and the amounts of restitution they are owed.

### 4.    OTHER CHARGES AND AGREEMENT REGARDING SENTENCING

If the Court accepts this agreement, the United States will not bring any other or additional charges for conduct reflected in the guideline worksheets or factual basis in this case.  The parties further agree that if the Court accepts this agreement, the United States will not seek consecutive sentencing for the counts charged in this indictment.

- 7 -

5.    NOTICE OF REQUIREMENT TO COMPLY WITH TERMS OF SEX OFFENDER

REGISTRATION AND NOTIFICATION ACT

The defendant acknowledges that he has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and maintain current registration in each of the following jurisdictions: where the defendant resides, where the defendant is employed, and where the defendant is a student.  Defendant acknowledges that defendant must provide his/her name, residence address, and the names and addresses of any place where defendant is or will be an employee or student, among other information.  Defendant further acknowledges that defendant will be required to keep the registration current, including by informing at least one jurisdiction in which defendant resides, works, or is a student not later than three business days after any change of name, residence, employment or student status.  Defendant has been advised and understands that failure to comply with these obligations subjects defendant to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

## 6. EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

## 7. RIGHT TO APPEAL

If the sentence imposed falls within the guideline range recommended by defendant in Paragraph 2B, above, defendant waives any right to appeal his conviction. Defendant retains his right to directly appeal the Court's adverse determination of any disputed ~~guideline~~ *sentencing* issue that was raised at or before the sentencing hearing. The government agrees not to appeal any sentence within the guideline range it has recommended in Paragraph 2B, but retains the right to appeal any determination by the Court to apply a lower range or to impose a sentence below the guideline range that is unreasonable. Each party retains its right to directly appeal this Court's Order of Restitution.

- 9 -

## 8. CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA(S) OR VACATION OF CONVICTION(S)

If defendant is allowed to withdraw his guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 9. PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 10. SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties

- 10 -

concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court.  Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property,  by the United States or any other party.

## 11.    ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **11:00 A.M. on 10/10/2007**. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

STEPHEN J. MURPHY

United States Attorney


JENNIFER M. GORLAND
ASSISTANT UNITED STATES ATTORNEY
CHIEF, GENERAL CRIMES UNIT

JOHN N. O'BRIEN II
ASSISTANT UNITED STATES ATTORNEY
DEPUTY CHIEF, GCU

DATE: OCTOBER 9, 2007

- 11 -

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.

RICHARD HELFRICK
ATTORNEY FOR DEFENDANT

DATE: 10-10-07

LEO JOSEPH RUDOLPH
DEFENDANT

DATE: 10-10-07

- 12 -

# WORKSHEET A  (Offense Levels)

Defendant: _LEO RUDOLPH_          Count(s): _I_

Docket No.: _07 - 20323_          Statute(s) _18 USC 2251(a)_

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2G2.1(a) | Base level PRODUCTION of CHILD PORNOGRAPHY | 32 |
| 2G2.1(b)(1) | CHILD UNDER 12 YEARS OLD | +4 |
| 2G2.1(b)(2)(A) | COMMISSION of SEXUAL ACT w/FORCE | +4 |
| 2G2.1(b)(4) | SADO MASOCHISTIC ABUSE DEPICTED | +4 |
| 2G2.1(b)(3) | DISTRIBUTION of IMAGES | +2 |
| 2G2.1(b)(5) | SUPERVISORY CARE or CONTROL of MINOR | +2 |

48

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

48

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

(rev. 06/99)

# WORKSHEET A   (Offense Levels)

Defendant: **LEO RUDOLPH**          Count(s): **II & III**

Docket No.: **07-20323**            Statute(s) **18USC 2252A(a)(1) A(a)(2)**

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.   BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2G2.2(a)(2) | BASE Offense - DIST. CHILD PORN | 22 |
| 2G2.2(b)(2) | MINOR <12yrs OLD | +2 |
| 2G2.2(b)(3)(F) | DISTRIBUTION - OTHER | +2 |
| 2G2.2(b)(4) | S+M DEPICTED | +4 |
| 2G2.2(b)(5) | PATTERN of SEXUAL ABUSE | +5 |
| 2G2.2(b)(6) | COMPUTER | +2 |
| 2G2.2(b)(7) | 600+ IMAGES | +5 |

## 2.   ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

## 3.   ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**42**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

(rev. 06/99)

# WORKSHEET A   (Offense Levels)

Defendant: LEO RUDOLPH          Count(s): IV

Docket No.: 07 20323           Statute(s): 18USC 2252(a)(5)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D.  However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1.    BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS  (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2G2.2(a) | Base off level | 18 |
| 2G2.2(b)(2) | Minor < 12 | +2 |
| 2G2.2(b)(4)( | S+M DEPICTED | +4 |
| 2G2.2(b)(5) | PATTERN OF ABUSE | +5 |
| 2G2.2(b)(6) | COMPUTER | +2 |
| 2G2.2(b)(7)(D) | 600 IMAGES | +5 |

## 2.    ADJUSTMENTS  (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |

## 3.    ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**36**

*********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*

*If the defendant has no criminal history, check this box and skip Worksheet C.*

(rev. 06/99)

# WORKSHEET B   (Multiple Counts)

## Instructions (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

    - assign 1 unit to the Group with the highest offense level,
    - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
    - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
    - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE:** COUNTS ___I___      
   ADJUSTED OFFENSE LEVEL     → 48     → 1 unit

2. **GROUP TWO:** COUNTS ___II___, ___III___, ___IV___
   ADJUSTED OFFENSE LEVEL     → 42     → 1 unit

3. **GROUP THREE:** COUNTS _____    _____
   ADJUSTED OFFENSE LEVEL     → ☐     → unit

4. **GROUP FOUR:** COUNTS _____   ____
   ADJUSTED OFFENSE LEVEL     → ☐     → unit

5. **TOTAL UNITS**     → units

6. **INCREASE IN OFFENSE LEVEL**

   | 1 unit → no increase | 2½-3 units → add 3 levels |
   |---|---|
   | 1½ units → add 1 level | 3½ -5 units → add 4 levels |
   | 2 units → add 2 levels | >5 levels → add 5 levels |

   → + 2

7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**     → ☐

8. **COMBINED ADJUSTED OFFENSE LEVEL**     → 50

   Enter the sum of the offense levels entered in Items 6 and 7.

(rev. 06/99)

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):   JAN 07 – MAY 07

## 1.    PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):        3 POINTS

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.  (See U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):        2 POINTS

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (see U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):        1 POINT

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| Δ PRIOR ARREST for SEXUAL ASSAULT – TRIAL – Not GUILTY | | | | | |
| | | | | | |
| | | | | | |

*    If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

**   A release date is required in only three situations: (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense com-mitted before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commence-ment of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pur-suant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

(rev. 06/99)

(WORKSHEET C, p. 2)

**2.    COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.



_____

**3.    COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT (U.S.S.G. § 4A1.1(e))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence. However enter, only 1 point for this item if 2 points were added under Item 2. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(n).) List the date of release and identify the sentence from which it resulted.

_____

**4.    PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(f))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(f), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

_____

_____

**5.    TOTAL CRIMINAL HISTORY POINTS**

Enter the sum of the criminal history points entered in Items 1-4.



**6.    CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0 – 1 | I |
| 2 – 3 | II |
| 4 – 6 | III |
| 7 – 9 | IV |
| 10 – 12 | V |
| ≥ 13 | VI |

(rev. 06/99)

# WORKSHEET D   (Guideline Range)

**1.**   **(COMBINED) ADJUSTED OFFENSE LEVEL**

Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

`50`

**2.**   **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY  (U.S.S.G § 3E1.1)**

`-3`

**3.**   **TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

`47`

**4.**   **CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

`I`

**5.**   **CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

a.   Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

b.   Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6.**   **GUIDELINE RANGE FROM SENTENCING TABLE  (U.S.S.G. ch. 5, pt. A)**

Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

`LIFE` months

**7.**   **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**

If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute.  (*See* U.S.S.G. § 5G1.1.)  If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

`180 MONTHS` months
`MAND, MIN`
`ON COUNT I`

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

**1.   PROBATION  (U.S.S.G. ch. 5, pt. B)**

       a.   Imposition of a Term of Probation  (U.S.S.G. § 5B1.1)

[✓]   1.   Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony).  If this box is checked, go to Item 2 (Split Sentence).

[ ]   2.   Probation is authorized by the guidelines (minimum of guideline range = zero months).

[ ]   3.   Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but < 6 months).

       b.   Length of Term of Probation  (U.S.S.G. § 5B1.2)

[ ]   1.   At least 1 year but not more than 5 years (total offense level ≥ 6).

[ ]   2.   No more than 3 years (total offense level < 6).

       c.   Conditions of Probation  (U.S.S.G. § 5B1.3)

       The court must impose certain conditions of probation and may impose other conditions of probation.

**2.   SPLIT SENTENCE  (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

[✓]   a.   A split sentence is not authorized (minimum of guideline range − 0 months or > 10 months).

[ ]   b.   A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months).  The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months).  The authorized length of the term of supervised release is set forth below in Item 4.b

**3.   IMPRISONMENT  (U.S.S.G. ch. 5, pt. C)**

       A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D).  (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

(WORKSHEET E, p. 2)

4.   **SUPERVISED RELEASE  (U.S.S.G. ch 5., pt. D)**

   a.   Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)

   The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute.  The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

   b.   Length of Term of Supervised Release (U.S.S.G. § 5D1.2)

[✓]   1.   At least 3 years but not more than ~~3 years~~ *lifetime Supv. Rel*, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

[ ]   2.   At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

[ ]   3.   1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

[ ]   4.   The statute of conviction requires a minimum term of supervised release of _____ months.

   c.   Conditions of Supervised Release (U.S.S.G. § 5D1.3)

   The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5.   **RESTITUTION (U.S.S.G. § 5E1.1)**

[✓]   1.   The court will determine whether restitution should be ordered and in what amount.

[ ]   2.   Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute.  (*See, e.g.,* 18 U.S.C. §§ 3663A, 2327.)  The parties agree that full restitution is $_____.

[ ]   3.   The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____.  (*See* 18 U.S.C. §§ 3663(a)(3).)

[ ]   4.   The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction.  (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

[ ]   5.   Restitution is not applicable.

(rev. 06/99)

(WORKSHEET E, p. 3)

## 6. FINE (U.S.S.G. § 5E1.2)

### a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

### b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

| Minimum Fine | Maximum Fine |
|---|---|
| $ 25,000 | $ 250,000 |

## 7. SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

$100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
$ 25.00 for every count charging a Class A misdemeanor,
$ 10.00 for every count charging a Class B misdemeanor, and
$ 5.00 for every count charging a Class C misdemeanor or an infraction.

The defendant must pay a special assessment or special assessments in the total amount of $ 400 00.

## 8. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

_____

## 9. UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

NONE

(rev. 06/99)