UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

           Plaintiff,           CRIMINAL NO. 07- 20323

v.

                              HONORABLE DAVID LAWSON

LEO JOSEPH RUDOLPH,

           Defendant.
                               /

**GOVERNMENT'S SENTENCING MEMORANDUM**

Now comes the United States Attorneys by and through the United States Attorney's Office, John N. O'Brien II and Jeanine M. Jones, Assistant United States Attorneys, and in support of the recommendation for sentence, submit the following memorandum:

**I**

**FACTUAL BACKGROUND**

On June 1, 207 an undercover ICE agent in Portland, Oregon infiltrated a chat room dedicated to child pornography. During his chats with another individual on line, the agent received information directing him to a "new series" of child pornographic images and videos. Based upon the information the agent had received, he was able to locate a series of images connected to the "new series" that depicted an 8 - 10 year old girl being sexually assaulted by an adult male and bound with rope. Subsequent investigation revealed that the image titles contained information connected to a Comcast connection and service being provided to a home located in Ray Township, Michigan.

1

On June 14, 2007, ICE Portland forwarded the images to ICE Detroit.  On June 15, 2007, the agents confirmed observed the presence of the little girl, Victim-1,  at the premises.  They also observed  a truck that was registered to Rudolph and had the same interior as the one depicted in the pictures. Special Agent Daniel Ben-Mier and other agents from the Detroit office secured a search warrant for the premises.  While executing the warrant, they located items depicted in the photos including the ropes used to bind the girl and identifiable bedding.

 Defendant Leo Joseph RUDOLPH was arrested at Detroit Metropolitan Airport on June 15, 2007, upon his return to Detroit from work related travel to Florida. On June 18, 2007, Victim-1, the nine year old was interviewed and identified RUDOLPH as the person who took the pictures of her.  A review of the materials seized from RUDOLPH disclosed that he had subjected the child to bondage, beastiality and sexual assault, all of which were recorded by RUDOLPH on film.

On June 26, 2007, the Grand Jury returned a four count indictment against RUDOLPH for manufacture of child pornography, in violation of 18 United States Code section 2251; child pornography transportation, in violation of 18 United States Code section 2252A(a)(1);  child pornography receipt, in violation of 18 United States Code section 2252A(a)(2);  and  child pornography possession, in violation of 18 United States Code section 2252A(a)(5).

On October 10, 2007, RUDOLPH pleaded guilty to Counts One through Four of the Indictment before this Honorable Court.

**II**

**SENTENCING GUIDELINE CALCULATIONS AND RELEVANT 3553(a) FACTORS**

Congress has provided, through 18 U.S.C. § 3553(a), the relevant objectives and factors to be considered by sentencing courts in imposing a "sentence sufficient, but not greater than necessary."  Those objectives are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation, and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution. The most relevant factors are evaluated below, beginning with #4, the sentencing guidelines.

A.      The Advisory Guideline Range

Recently, in *United States v. Rita*, __ U.S. __ 2007 WL 1772146 (2007), the Supreme Court restated that the goals of the United States Sentencing Commission in formulating the Sentencing Guidelines are to carry out the objectives of 18 U.S.C. § 3553(a).  Despite their being advisory, rather than mandatory, the Guidelines remain an important factor in fashioning a just sentence.  As the Supreme Court stated in *Rita*, "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve section 3553(a)'s objectives." *Id.* at 7.  Here, the parties agree with the calculations of the probation department that, using the 2006 United States Sentencing Guidelines manual, a resulting guideline range of life in prison is an accurate guideline calculation.  The parties also recognize that given the fact that the guideline range exceeds the statutory maximum of the charged offenses, that the

3

effective guideline range for the charges are as follows: 360 months as to count I, 240 months as to counts II and III, and 120 months as to count IV.

B.      <u>Seriousness of the Offense, Promoting Respect for Law, and Providing Just Punishment</u>

As to the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, all of these factors favor the 360 month guideline sentence.

The images recovered from RUDOLPH defy description appropriate for a document that will become a public record. They catalog a series of events that are simply, the calculated execution of a series of brutal sexual assault and the continued sexual exploitation of a child. The victim in this case was the daughter of RUDOLPH's girl friend. He had engaged in classic grooming techniques including buying the girl gifts to secure her cooperation, telling the child that she would be in trouble for what she had done, and that she should never reveal "their secret." RUDOLPH regularly exploited the little girl during his unrestricted access to her while her mother was working.

Defendant RUDOLPH was charged with child sexual assault in Tennessee in 1993. Following the trial he was acquitted by the jury of the charges against him. Had the charges against RUDOLPH been falsely made, it seems beyond all reason that he would now engage in the very same conduct that he was accused of in the past. There can be no question that RUDOLPH was aware of seriousness of this type of conduct, the potential penalties associated with such conduct and the way society views even allegations of the sexual assault of a child. Given that experience and level of exposure to the criminal justice system, it is apparent the defendant Rudolph has no respect for the law.

Upon learning of the charges in this case, the complainant in the prior case who is a daughter of a previous wife, contacted the undersigned United States Attorneys. She advised that she would do anything that she could to make certain that RUDOLPH did not again get away with assaulting another child. Given the strength of the evidence in this case, the similarity between the two offenses, and the likely effect that a prior allegation of sexual assault and having had to endure a trial on those allegations, it is difficult to believe that this is defendant RUDOLPH's first offense of this type.

At the time of his guilty plea, Rudolph stated that he had "engaged in oral sex with a child, photographed the event and distributed it on the internet." While this factual statement satisfies the elements of the charged crimes, it does not begin to describe the horror he subjected a child to, particularly one who viewed him as a second father and referred to him as "Daddy Leo." The seriousness of RUDOLPH's conduct and the need to provide just punishment for the offense is patently obvious. A most severe penalty is appropriate for one who would exploit the trust and affection of a child for his own deviant sexual interests. The United States suggests that the statutory maximum sentence of 360 months in prison will reflect the seriousness of the offense and provide just punishment to RUDOLPH for having committed these offenses.

C.   Deterrence

All of the above considerations also impact another consideration of 3553, the need to deter such conduct by others. Sadly, the images created by RUDOLPH have been found in connection with a search warrant conducted in Michigan as recently as one month following his arrest in an unrelated case. The images have also been identified in investigations in England and Germany. The continued re-victimization of the child in this case is now a guaranteed

certainty as the images have made it to the internet.  The halting of their re-distribution is a guaranteed impossibility.  Hopefully, the sentence in this case, as it relates to the distribution and possession of child pornographic materials, will serve as some deterrence to others who consider committing these offenses.

D.   Protecting the Public

As to protecting the public from further crimes of Defendant, RUDOLPH will certainly be unable to engage in similar conduct for the period of time that he is incarcerated and his activities will be subject to monitoring while on supervised release.  A sentence of 360 months in prison to be followed by a significant period of supervised release will provide the maximum protection to the public.

E.   Avoiding Unwarranted Sentencing Disparities

The section 3553(a) factor of providing a sentence that "avoid[s] unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct" is simple to assess in this case.  It is the government's position that the statutory maximum of 360 months is the appropriate minimum sentence for any similarly situated defendant who would engage in this type of conduct.  Moreover, RUDOLPH has also been subject to prosecution in the state system.  At the time the plea in this case was negotiated, it was the government's understanding from the state authorities that they would seek additional punishment for the sexual assaults committed by RUDOLPH that violated state law but were not actionable at the federal level.   Had that not been the understanding between the state and federal authorities, as well as the professionalism and efforts of Mr. RUDOLPH's attorney, and most importantly, the government's desire to avoid even the potential of emotional trauma for

the child had the case proceeded to trial, a greater sentence may have been sought. RUDOLPH's prowess for sexually exploiting a young girl was astonishing. Certainly the 30 year sentence, as called for by the Guidelines, will not fall out of line with other sexually deviant offenders.

F.   Counseling

A final consideration is that the sentence should provide the most appropriate forms of counseling and correctional treatment to RUDOLPH. While incarcerated, perhaps Defendant RUDOLPH may benefit from whatever psychological treatment or counseling can be made available through the prison system. However, the genesis of his deviant behavior remains unclear. During telephone calls with the victim's mother following the arrest he offers a different "explanation" for his conduct than the one that he offered at the time of his state sentence. Both explanations are different than the reasons he provided to the victim to entice, coerce or otherwise threaten her when he subjected her to this abuse. The extensive period of confinement agreed to by the parties and suggested by the Guidelines will guarantee the potential availability of a period of counseling for the defendant, for whatever good it may do.

## III

## CONCLUSION/GOVERNMENT RECOMMENDATION

While the United States certainly recognizes the ability and responsibility of the Court to fashion a sentence within, or perhaps even outside of a particular sentencing guideline range, Defendant RUDOLPH and his conduct allowed for little negotiation or latitude in the available sentencing range. The United States requests that this Court impose a sentence of 360 months, as calculated by the parties and the probation department, and specifically recommends that the sentence be followed by at least 10 years of supervised release.

    Respectfully submitted,

    STEPHEN J. MURPHY
    United States Attorney

    john.obrien@usdoj.gov

    JOHN N. O'BRIEN II P39912

    jeanine.m.jones@usdoj.gov

    JEANINE M. JONES
    Assistant United States Attorneys
    Eastern District of Michigan
    211 West Fort Street
    Detroit, MI  48226
    (313) 226-9715

February 18, 2008