# United States District Court
## Eastern District of Michigan

| | |
|---|---|
| United States of America | **JUDGMENT IN A CRIMINAL CASE** |
| V. | |
| LEO RUDOLPH | Case Number: 07CR20323-1 |
| | USM Number: 41728-039 |
| | |
| | Richard Helfrick |
| | Defendant's Attorney |

**THE DEFENDANT:**

■ Pleaded guilty to count(s)  **1 through 4 of the Indictment**.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| See page 2 for details. | | | |

The defendant is sentenced as provided in pages **2 through 6** of this judgment.  This sentence is imposed pursuant to the Sentencing Reform Act of 1984

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 25, 2008
Date of Imposition of Judgment

s/David M Lawson
United States District Judge

February 27, 2008
Date Signed

DEFENDANT: LEO RUDOLPH
CASE NUMBER: 07CR20323-1

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 2251(a) | Sexual Exploitation of Children | May 2007 | 1 |
| 18 U.S.C. 2252A(a)(1) | Transportation/Shipment of Child Pornography. | June 2007 | 2 |
| 18 U.S.C. 2252A(a)(2) | Receipt of Child Pornography | June 2007 | 3 |
| 18 U.S.C. 2252A(a)(5)(B) | Possession of Child Pornography. | June 15, 2007 | 4 |

DEFENDANT:  LEO RUDOLPH
CASE NUMBER:  07CR20323-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **360 months on Count 1, 240 months on Count 2 & 3 and 120 months on Count 4 shall be served concurrently and to the defendant's state sentence.**

The court makes the following recommendations to the Bureau of Prisons:  **The Court recommends the Federal Bureau of Prisons conduct an evaluation for admission into a Bureau of Prisons Sex Offender Treatment Program.  As directed by the Bureau of Prions, the defendant shall participate in appropriate treatment as deemed necessary.**

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

DEFENDANT: LEO RUDOLPH
CASE NUMBER: 07CR20323-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **The defendant shall be placed on lifetime supervised release on Count 1, and a term of three years supervised release on Counts 2 through 4, each count. All terms of supervised release shall be served concurrently and to the defendant's state sentence.**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

    The defendant shall not commit another federal, state or local crime.

    If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

    The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Revocation of supervised release is mandatory for possession of a controlled substance.

■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

**1)** the defendant shall not leave the judicial district without the permission of the court or probation officer;

**2)** the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

**3)** the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

**4)** the defendant shall support his or her dependents and meet other family responsibilities;

**5)** the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

**6)** the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

**7)** the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

**8)** the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**9)** the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

**10)** the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

**11)** the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**12)** the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**13)** as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

**14)** the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Revocation of supervised release is mandatory for possession of a firearm.

DEFENDANT:  LEO RUDOLPH
CASE NUMBER:  07CR20323-1

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program approved by the United States Probation Office for mental health treatment, including, but not limited to, sex offender treatment.

The defendant shall comply with all applicable requirements to register as a sex offender and adhere to any state, local, or federal law for sex offenders.

The defendant shall not have any contact with the victim, including correspondence, telephone contact, or communication through third parties except under circumstances approved in writing by the Probation Officer.  The defendant shall not enter onto the premises, travel within 500 feet, or loiter neat the victim's residence, place of employment or other places frequented by the victim.

The defendant shall not obtain a residence without prior approval from the Probation  Officer.

The defendant shall successfully complete any sex offender diagnostic evaluations, treatment or counseling programs as directed by the probation officer.  Reports pertaining to sex offender assessments, treatments shall be provided to the probation officer.  Based on the defendant's ability to pay, the defendant shall pay the cost of diagnostic evaluations, treatment or counseling programs in an amount determined by the probation officer.

The defendant shall not associate with children who appear to be under the age of 18 nor frequent, volunteer, or work at places where children congregate (e.g. playgrounds, parks, malls, day-care centers, or schools, etc.) unless approved by the probation officer.

The defendant shall not posses, view, listen to, or go to locations where any form of pornography, sexually stimulating material, or sexually oriented material is available.  The defendant shall not possess or use a devise capable of creating pictures of video.

The defendant shall not possess or use a computer or any device with access to any 'on-line computer service' at any location (including place of employment) without the prior written approval of the probation officer.  This includes any Internet service provider, bulletin board system, or any other public or private network or em-mail system.

The defendant shall consent to third party disclosure to any employer or potential employer, concerning any computer-restricted restrictions that are imposed upon the defendant.

The defendant shall not reside with anyone who has minors living in the residence.

The defendant shall disclose his criminal sexual conviction to anyone whom he dates or would marry.

DEFENDANT: LEO RUDOLPH
CASE NUMBER: 07CR20323-1

# CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 400.00 | $ 0.00 | $ 0.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS:** | $ 0.00 | $ 0.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.