IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN



| | | |
|---|---|---|
| LEO J. RUDOLPH, | § | |
| MOVANT, | § | |
| | § | |
| v. | § | CASE NO. 07-CR-20323-1 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

MOVANT'S MOTION FOR JUDICIAL NOTICE PURSUANT TO RULE 201

Comes Now, Leo J. Rudolph, hereinafter known as the Movant in the above-styled and numbered case, to file and submit this, Movant's Motion For Judicial Notice Pursuant To Rule 201, and would, in support thereof, show;

I.
RULE 201 OBJECTIVE

The objective of a Rule 201 is to establish the basis by which a trial judge renders a decision based on facts either known or presented to the Court. Many facts involved in both civil and criminal trials need not be proven by evidence. These are matters of common knowledge to all intelligent people, and shall be judicially noticed by the Court. Harper v. Killion, 345 SW.2d 309 (1961).

The doctrine of judicial notice is based upon convenience and expediency. It operates to save time and expense that would be lost in establishing facts in the usual manner, where the facts do not admit of contradiction.

Courts may take judicial notice of matters of common knowledge on their own motion, sua sponte, without suggestion of counsel, even though such matters are not pleaded. Judicial notice may be taken of well-established matters of common knowledge even though the pleadings may allege to the contrary.

Courts are required to take judicial notice of the Constitution and statutes of the United States, including all the public acts and resolutions of Congress and proclamations of the President thereunder. Thereby, judicial notice is taken of the Federal and State courts, their jurisdiction, terms, operations, judges, and other officers of the Court.

This system of jurisprudence rests on the assumption that all individuals, whatever their position in government, are subject to Federal law. Davis v. Passman, 442 U.S. 228 (1979). "No man or woman in this country is so high that he or she is above the law." All officers of the Government, from the highest to the lowest, are creatures of the law and bound to obey it. United States v. Lee, 106 U.S. 196, 220 (1882).

## II.
## DESIGNATION OF RULE 201

With this premise, the Movant stipulates to this Honorable Court that this Judicial Notice Pursuant To Rule 201 is _not_ to be construed as a §2255, §2241, or a Rule 60(b); but with a special emphasis on subject-matter jurisdiction.

## III.
## LEGAL PRINCIPLES

In the case at bar, the Movant asserts that the Assistant United States

- 2 -

Attorney(s) has/have, pursuant to the United States Constitution, Article II, §2; Cl2, known as the "Appointment Clause," has/have perpetrated a fraud on the Court in the capacity of Assistant United States Attorney(s), placing the Court in violation of subject-matter jurisdiction, thus, the necessity of judicial notice.

Fraud upon the Court should not be subject to procedural constraints because they impact the very integrity of the judicial process, violating the Court's subject-matter jurisdiction. The Government's attorneys have, over the decades, grown to "expect" judicial favoritism from trial judges resulting in the great disparity of sentences; the utilization of unconstitutional enhancements; and the arrogance of threatening defendants to obtain sentences involuntarily and unknowingly.

The arrogance of these Assistant United States Attorneys is clearly defined in Exhibits A and B, whereby these prosecutors have positioned themselves "above-the-law," now causing the Movant to challenge the subject-matter jurisdiction of the trial court. The Movant's request for Judicial Notice Pursuant To Rule 201 now places the responsibility upon the trial judge to comply with the Constitution of the United States and prove the Court actually possessed subject-matter jurisdiction in this case.

IV.
PRECEDENT CASE LAW

Pursuant to Quiel v. United States, 16-cv-01535 (2018) and Lucia, et al. v. SEC, No. 17-130 (2018), the appellate courts and Supreme Court of the United States, respectively, have defined an "Officer of the Court" and stipulated to the Appointment Clause and the Oath of Office, as necessary instruments to function in

the capacity as an Assistant United States Attorney.

As the trial courts and appellate courts have become acutely aware, as indicated in <u>Charles Hunter v. United States</u>, 4:16-cr-00028 (N.D. of Texas), 16-11303 (5th Cir. 2018), the Government has refused to address specific issues regarding the requested confirmation that all Assistant United States Attorneys in the Northern District of Texas were in compliance with the Constitution of the United States, Article II, §2, Cl2 throughout the legal process of this case. This sought-after compliance with the Constitution directly affects the trial court's subject-matter jurisdiction. (See 28 U.S.C. §542, 5 U.S.C. §2906, 5 U.S.C. §3331, and 5 U.S.C. §554).

It is therefore incumbent upon the trial judge to apply the Articles of the Consitution, in conjunction with the Federal Rules of Criminal Procedure 6(d)(1) pursuant to <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973), in the same strict manner as is applied to defendants seeking some semblance of impartiality, independence, and mercy.

The questions must then be posed: 1.) Does the trial court possess subject-matter jurisdiction in this case?; 2.) Does equality under the law truly exist?; 3.) Are the laws and Constitution of the United States actually adhered to for all parties, or are they applied only to those charged by the Government?; 4.) Is the Government the only party to a litigation afforded a receptive forum in which to present their position?; and 5.) Are trial judges now "conditioned" to be merely an extension of the prosecution while affording the Government carte blanche? Most of the questions posed are easily answered by the realization that the majority of trial judges are former prosecutors; entirely unable to relinquish their prosecutorial credentials and mentality regarding defendant rights. Absolute power corrupts absolutely. <u>United States v. Nichols</u>, No. 17-5580 (6th CIr. 2018).

V.
CONCLUSION

Wherefore, Premises Considered, the Movant requests the Court make subject-matter jurisdiction the focus of the Movant's motion for judicial review.

That the attorneys for the United States Attorney's Office be compelled to be in compliance with the Constitution of the United States, Article II, §2, Cl2 to ensure the trial court possesses subject-matter jurisdiction.

That all parties be subjected to the Constitution, laws, statutes, and Presidential edicts with the same conditions as defendants; "that ignorance of the law is no excuse."

It is now the trial court's responsibility to ensure it possessed, and continues to possess, subject-matter jurisdiction; instead of avoiding the Movant's assertions.

That any and all consideration rendered by the trial court be in the interest of justice.

Respectfully submitted,

Leo J. Rudolph
Movant, Pro Se

I, Leo J. Rudolph, do hereby swear and affirm the foregoing to be true and correct, to the best of my knowledge, under penalty of perjury, this 25th Day of September, 2018.

Leo J. Rudolph
Movant, Pro Se

CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document shall be sent to the Office of the United States Attorney, 600 Church Street, Flint, Michigan 48502, via first-class, postage-paid United States mail.

Leo J. Rudolph
Reg. No. 41728-039
FCI-Seagoville
P.O. Box 9000
Seagoville, Texas 75159-9000



**U.S. Department of Justice**

Executive Office for United States Attorneys

---

Freedom of Information and Privacy Staff     *Suite 5.400, 3CON Building*     *(202) 252-6020*
                                                             *175 N Street, NE*                 *FAX (202) 252-6048*
                                                             *Washington, DC 20530*

August 27, 2018

Leo J. Rudolph
#41728-039
FCI
P.O. Box 9000
Seagoville, TX 75159

Re: Request Number: FOIA-2018-005138  Date of Receipt: July 26, 2018
Subject of Request:  AUSA Oath (O'Brien) -EOUSA Personnel/EasternDistMI

Dear Requester:

       Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys.

       To provide you with the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

       The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 CFR § 16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ x ] partial denial.

       Enclosed please find:
__0__ page(s) are being released in full (RIF)
   2   page(s) are being released in part (RIP);
__ 0   page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

       The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

(b)(6)

[ x ]   A review of the material revealed:

    [ ]   Our office located records that originated with another government component. **These records were found in the U.S. Attorney's Office files.** These records will be referred to the following component(s) listed for review and direct response to you:

    [ ]   There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

    [ x ]   See additional information attached.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

You may contact our FOIA Public Liaison at the telephone number listed above for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

Kevin Krebs
Assistant Director

Enclosure(s)

Form No. 021nofee – 12/15

STANDARD FORM 61
Revised June 1986
U.S. Office of Personnel Management
FPM Chapter 296
61-108

# APPOINTMENT AFFIDAVITS

| ASSISTANT U.S. ATTORNEY | 04-07-2002 |
|---|---|
| (Position to which appointed) | (Date of appointment) |

| U.S. DEPARTMENT OF JUSTICE | U.S ATTORNEY'S OFFICE | DETROIT MICHIGAN |
|---|---|---|
| (Department or agency) | (Bureau or Division) | (Place of employment) |

I, _____ JOHN N. O'BRIEN II _____, do solemnly swear (or affirm) that----

## A. OATH OF OFFICE
I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT
I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE
I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_____
(Signature of appointee)

Subscribed and sworn (or affirmed) before me this __8TH__ day of __APRIL__, 2002,

at __DETROIT__ __MICHIGAN__
(City)

[SEAL]

_____
(Signature of officer)

Commission expires _____ PERSONNEL OFFICER
(If by a Notary Public, the date of expiration of his/her                    (Title)
Commission should be shown)

NOTE.- The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.

Prior Edition Usable

This form was electronically produced by Elite Federal Forms, Inc.

STANDARD FORM 61
Revised June 1986
U.S. Office of Personnel Management
FPM Chapter 296
61-108

 

# APPOINTMENT AFFIDAVITS

_____ASSISTANT U.S. ATTORNEY_____   _____07-13-2003_____
(Position to which appointed)                    (Date of appointment)

__U.S DEPARTMENT OF JUSTICE__  __U.S ATTORNEY'S OFFICE__  __DETROIT MI__
(Department or agency)          (Bureau or Division)       (Place of employment)

I, _____JOHN N. O'BRIEN, II_____, do solemnly swear (or affirm) that----

## A. OATH OF OFFICE
I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT
I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE
I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_____b6_____
(Signature of appointee)

Subscribed and sworn (or affirmed) before me this __18th__ day of __July__, __2003__,

at _____DETROIT_____                   _____MICHIGAN_____
       (City)                                  (State)

[SEAL]                                    ___b6___
                                          (Signature of officer)

                                          ROBERT F. ROGOWSKI, HR OFFICER
                                          (Title)

Commission expires _____
(If by a Notary Public, the date of expiration of his/her
Commission should be shown)

NOTE.- The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.

Prior Edition Usable

This form was electronically produced by Elite Federal Forms, Inc.

# Consequences for Unethical Prosecutors

By John Grisham  8/13/2018 p. A15

The vast majority of prosecutors are honest, ethical professionals who play by the rules. During my 10-year career as a criminal-defense lawyer, I dealt with prosecutors daily and never knew one to step out of bounds.

But the great flood of exonerations have revealed the glaring truth that some prosecutors cheat and even break the law. It has been proved, repeatedly, that prosecutors across the U.S. have (1) concealed evidence that would benefit the accused; (2) fabricated evidence that would convict the accused; (3) made false statements to judges, juries and defense attorneys; (4) offered perjured testimony; (5) cut sleazy deals with jailhouse informants who will testify to anything in return for leniency; (6) employed junk-science "experts" who mislead jurors; and (7) intimidated witnesses.

What happens when a prosecutor is caught? Rarely anything. Civil lawsuits by the wrongly convicted are next to impossible because the Supreme Court ruled in *Imbler v. Pachtman* (1976) that prosecutors are immune from suit in virtually all cases, no matter how egregious their actions.

They can't be sued. New York lawmakers try a new approach to a vexing problem.

Trial judges can impose sanctions for misconduct in some cases, but they almost never do, and state disciplinary schemes for prosecutors are generally ineffective.

A Chicago Tribune series, for instance, analyzed more than 11,000 U.S. homicide cases involving prosecutorial misconduct between 1963 and 1999 and found reversals in 381 cases because prosecutors either presented false evidence or concealed exculpatory information. Sixty-seven of those defendants had been sentenced to death—yet not even one state's disciplinary agency penalized any of the prosecutors. A more recent survey conducted by the Innocence Project looked at five diverse states over a five-year period (2004-08) and identified 660 cases in which courts found prosecutorial error or misconduct—and only one prosecutor who was disciplined.

It is sadly ironic that those we trust to put away criminals are thoroughly unaccountable when their own unethical behavior is discovered. Only a handful of prosecutors have faced meaningful sanctions for deliberate misconduct that led to the incarceration of innocent people.

The failure to regulate prosecutorial conduct enables more misconduct and wrongful convictions, which cause irreparable damage to the innocent and their loved ones, diminish public trust in the system, and cost taxpayers millions of dollars.

New York state is on the precipice of becoming the national leader in holding prosecutors accountable by establishing a Commission on Prosecutorial Conduct, which would have the power to investigate allegations and recommend or issue sanctions against prosecutors who break the law. Republicans and Democrats in the state Legislature came together on this issue because truth and fairness transcend partisanship. They passed Senate Bill 2412, which is now on Gov. Andrew Cuomo's desk.

Governor, this bill is a critical starting point for New York and the states that will follow its lead. Justice requires your signature.

*Mr. Grisham is a novelist and a member of the Innocence Project's board of directors.*

8/08/2018 p. E2

# DOJ Struggled at AT&T Trial

By Brent Kendall

WASHINGTON—Almost from the outset of a blockbuster six-week trial this spring, the Justice Department appeared to struggle to convince U.S. District Judge Richard Leon that he should block AT&T Inc.'s planned acquisition of Time Warner Inc.

Newly unsealed transcripts—from private bench conferences during the trial between Judge Leon and lawyers for both sides—show the government was having even more difficulty with the judge than it appeared.

The transcripts, numbering hundreds of pages, show there were effectively two sets of proceedings at trial: the public witness testimony and a concurrent private dialogue between Judge Leon and the parties at the bench.

Judge Leon, who ruled for the companies in June, on several occasions criticized Justice Department lawyers for seeking to introduce evidence he didn't find relevant or for belaboring certain points, the transcripts show.

"If you start repeating this stuff again, I'm going to publicly tell you I've heard this," Judge Leon told one department lawyer at the bench. "I don't want to do that, but I will."

"Don't wear out your welcome," he told the same lawyer later in the trial when he felt the Justice Department was seeking to reargue an issue it had already lost.

"Don't try to pull that kind of crap in this courtroom," Judge Leon told another department lawyer when he felt she was being disingenuous



'You be direct and honest about what you're doing...You get it?'

Judge Richard Leon to a Justice Department lawyer

about the timing of an internal AT&T document. "You be direct and honest about what you're doing. You work for the Department of Justice. You get it?"

The judge also questioned at one point whether some of the department lawyers were senior enough to keep the case moving along at the pace he wanted. "He's had a lot of youngsters come up," Judge Leon said, referring to some of the lawyers working under Justice Department trial attorney Craig Conrath.

The bench conferences were held in public view, but with static playing over speakers so the audience couldn't hear. Some of those discussions involved confidential business information that couldn't be revealed in public, and the transcripts show Judge Leon was concerned about sensitive corporate data being revealed by accident.

But they also show that many of the discussions didn't involve confidential information, including most of the judge's rulings on what types of evidence and questions could be raised during the proceedings. The Justice Department was on the losing end of many of those decisions.

The department is appealing Judge Leon's ruling allowing the merger, arguing the judge ignored economic principles in ruling for AT&T. In a brief filed Monday, the department also said the judge "substantially constrained the government's presentation of evidence."

AT&T lawyers throughout the trial argued there were good reasons to exclude some of the government's evidence.

Jeffrey Jacobovitz, an antitrust lawyer with Arnall Golden Gregory LLP who isn't connected with the case, said judges have their own styles for administering trials, though sidebar conferences generally happen more in jury trials, so jurors won't be influenced. There was no jury in the AT&T trial.

"It's unusual for a judge to have voluminous sidebars when it's the judge resolving the ultimate issues," Mr. Jacobovitz said.

The Justice Department and the Reporters Committee for Freedom of the Press requested that the transcripts be unsealed, and AT&T didn't object. Judge Leon last week agreed to release much of the material.

The transcripts show the judge was concerned about managing such a high-stakes trial in a relatively short time, since the companies needed a ruling before their merger agreement expired.

He was bothered that the Justice Department's chief economic witness, University of California, Berkeley Professor Carl Shapiro, was scheduled to appear in a different case in Virginia right after his appearance in the AT&T trial.

"Mr. Shapiro needs to be told under no uncertain terms, don't be giving any judge somewhere else the assurance that he'll be there on Thursday morning," Judge Leon said.

He also suggested it would take some work to keep both sides' experts from being long-winded.

Expert witnesses "think they're the smartest thing ever, and they know all the answers and they know all the nuances and blah, blah, blah," the judge said.

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Quiel,<br><br>    Petitioner,<br><br>v.<br><br>USA,<br><br>    Respondent. | No. CV-16-01535-PHX-JAT<br>CR-11-02385-PHX-JAT<br><br>**ORDER** |

In light of the Supreme Court's recent reminder in *Lucia v. SEC*, No. 17-130, 2018 WL 3057893 (2018) that officers of the United States must be duly appointed pursuant to the Appointments Clause:

**IT IS ORDERED** that the Government must provide evidence that at least one attorney participating in the underlying criminal matter was a proper representative of the United States by Tuesday, July 3, 2018. This evidence should establish that the attorney was duly appointed under the Appointments Clause and that the attorney swore the statutorily-required oath to faithfully execute his or her duties.

Dated this 26th day of June, 2018.

James A. Teilborg
Senior United States District Judge



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE