UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEO RUDOLPH,

        Petitioner,                              Case Number 07-20323

v.                                                  Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER DENYING MOTION FOR JUDICIAL NOTICE

On October 5, 2018, petitioner Leo Rudolph filed a document styled as a "motion for judicial notice"  In his motion, the petitioner argues that his February 27, 2008 conviction and sentence are unsound because the government has failed or refused to respond adequately to his demands for certain information that he contends is required to demonstrate that the federal prosecutors in his criminal case properly were appointed as officers of the United States under Article II, Section 2 of the Constitution.  The petitioner asserts that the Court therefore should "take judicial notice" that it lacked subject matter jurisdiction to convict and sentence him.  The Court has reviewed the petitioner's submission and now finds that the purported motion does not invoke any appropriate authority for the relief that he seeks, and the challenge to his conviction and sentence that he now seeks to advance is untimely and must be dismissed.

On February 25, 2008, the Court sentenced the petitioner to 360 months in prison after the petitioner pleaded guilty to sexual exploitation of children, 18 U.S.C. 2251(a); transportation or shipment of child pornography, 18 U.S.C. 2252A(a)(1); receipt of child pornography, 18 U.S.C. 2252A(a)(2); and possession of child pornography, 18 U.S.C. 2252A(a)(5)(B).  The petitioner did not appeal.  He filed his "motion for judicial notice" on October 5, 2018.

The Court finds after reviewing the motion that the gravamen of it is merely a challenge to the legality of the 2008 judgment of conviction and sentence, for which the exclusive avenue of attack is a petition under 28 U.S.C. § 2255. Consequently, when properly construed as a motion to vacate sentence under section 2255, the motion must be dismissed as untimely, because it was filed far beyond the applicable one-year limitations period. Federal courts have construed filings as motions for relief under 28 U.S.C. § 2255 regardless of their denomination, where the substantive challenge to a federal conviction or sentence raised in the petition is within the scope of section 2255. *United States v. Springer*, 875 F.3d 968, 974 (10th Cir. 2017) ("Although [the petitioner] does not characterize his motion as one seeking habeas relief, it is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion." (quotation omitted)); *see also United States v. Baker*, 718 F.3d 1204, 1208 (10th Cir. 2013) ("'Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, *coram nobis*, *coram vobis*, *audita querela*, *certiorari*, *capias*, habeas corpus, ejectment, *quare impedit*, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.'" (quoting *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)). Thus, the Court will construe the petition as a motion to vacate sentence under 28 U.S.C. § 2255.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire

proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

The statute of limitations governing the filing of a § 2255 motion is set forth in 28 U.S.C. § 2255(f) and states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013) (quoting 28 U.S.C. § 2255(f)). Where a federal prisoner does not pursue a direct appeal of his conviction or sentence, the judgment of conviction becomes final and the one-year limitations period begins to run when the 14-day period for filing a notice of appeal under Federal Rule of Appellate Procedure 4(b)(1) expires. *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013).

In this case, the petitioner has not pointed to any circumstances that could excuse the tardy filing of his petition. Rudolph was sentenced on February 25, 2008. He did not appeal his conviction or sentence, so the judgment became final on March 10, 2008. By any measure, the claims first asserted in the instant motion on October 5, 2018 were raised long after the applicable one-year limitations period had expired. Rudolph has not pointed to any impediment created by the government that inhibited his filing or any new facts that he could not have discovered through

the exercise of due diligence that prompted the filing of his claims. He has not asserted that any newly retroactive rule of law supplied new authority for his claims. Nor has he suggested that any exception to the limitations period such as equitable tolling could apply to rescue his untimely claims. *See Gillis*, 729 F.3d at 645 ("[E]quitable tolling . . . in any event would have required showing that [the petitioner] has pursued his rights diligently and that an extraordinary circumstance stood in the way of his timely filing a § 2255 motion.") (citing *Holland v. Florida*, 560 U.S. 631 (2010)). Thus, all of the petitioner's claims are untimely and must be dismissed.

Accordingly, it is **ORDERED** that the motion for judicial notice [ECF No. 17], which the Court construes as a petition for relief under 28 U.S.C. § 2255, is **DENIED**.

                                                  s/David M. Lawson  
                                                  DAVID M. LAWSON  
                                                  United States District Judge

Date: October 17, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 17, 2018.

                          s/Susan K. Pinkowski  
                          SUSAN K. PINKOWSKI